IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. and<br>WAL-MART STORES EAST, INC.,<br><br>                Defendants. | CIV<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Robin Bradford, John Bradford, and Ramona Kay Bradford who were adversely affected by such practices. As alleged with greater particularity in paragraphs 8, 9, and 10 below, the Commission alleges that Robin Bradford, John Bradford, and Ramona Kay Bradford were retaliated against because of Ramona Kay Bradford's opposition and/or participation in a proceeding protected under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3).

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3)" of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)" ("Title VII").

2.	The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	At all relevant times, Defendant Wal-Mart Stores, Inc. (the "Employer"), has continuously been a Delaware corporation doing business in the State of New Mexico and the City of Albuquerque and has continuously had at least 15 employees.

5.	At all relevant times, Defendant Wal-Mart Stores East, Inc., (the "Employer"), has continuously been an Arkansas corporation doing business in the State of New Mexico and the City of Albuquerque and has continuously had at least 15 employees.

6.	At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7.	More than thirty days prior to the institution of this lawsuit, Robin Bradford and John Bradford filed charges with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.	Since approximately August, 2004, when Ramona Kay Bradford opposed discrimination and/or participated in a protected proceeding under Title VII, by filing a charge of

2

discrimination against her employer Wal-Mart, Defendant Employers have engaged in unlawful employment practices at its Albuquerque, New Mexico store located at 400 E. Eubank N.E., in violation of Section 704(a) and Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against her and her close relatives, Charging Parties Robin Bradford and John Bradford (her children).

9. The retaliation to which Defendant Employer subjected Charging Parties Robin Bradford and John Bradford includes:

A) Disparate treatment in the terms, conditions, or privileges of employment by being denied the opportunity to proceed in the hiring process; and

B) Failure to hire.

10. The retaliation to which Defendant Employers subjected Class Member Ramona Kay Bradford includes her close relatives (her children) being denied employment because of her opposition and/or participation in a protected activity under Title VII.

11. The effect of the practices complained of in paragraphs 8 and 9 above has been to deprive Charging Parties Robin Bradford and John Bradford of equal employment opportunities and otherwise adversely affect their status as applicants for employment because of a close relative's opposition or participation in any manner in a proceeding protected under Title VII.

12. The effect of the practices complained of in paragraphs 8, 9, and 10 above has been to deprive Class Member Ramona Kay Bradford of equal employment opportunities and otherwise adversely affect her status as an employee because she opposed and/or participated in any manner in a proceeding protected under Title VII., effectively deterring Mrs. Bradford, or others in her same or similar situation, from opposing and/or participating in protected proceedings under Title VII.

13. The unlawful employment practices complained of in paragraphs 8, 9 and 10 above were intentional.

14. The unlawful employment practices complained of in paragraphs 8, 9 and 10 above were done with malice or with reckless indifference to the federally protected rights of Robin Bradford, John Bradford, and Ramona Kay Bradford.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employers, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in retaliation.

B. Order Defendant Employers to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant Employers to make whole Robin Bradford and John Bradford, providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendant Employers to make whole Robin Bradford and John Bradford by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 in amounts to be determined at trial.

E. Order Defendant Employers to make whole Robin Bradford, John Bradford, and Ramona Kay Bradford, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8, 9 and 10 above, including

emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

F.   Order Defendant Employers to pay Robin Bradford, John Bradford, and Ramona Kay Bradford, punitive damages for their malicious and reckless conduct described in paragraphs 8, 9 and 10 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a trial by jury on all questions of fact raised by its complaint.

DATED this 28th day of March, 2007.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, NW
Washington, D.C.  20507


/s/ Molina for Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

/s/ Molina for Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

5

        EQUAL EMPLOYMENT OPPORTUNITY
         COMMISSION
        Phoenix District Office
        3300 North Central Avenue
        Suite 690
        Phoenix, Arizona 85012

        **Electronically Filed**

        <u>/s/ Veronica A. Molina</u>
        VERONICA A. MOLINA
        Trial Attorney

        LORETTA MEDINA
        Senior Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
         COMMISSION
        Albuquerque Area Office
        505 Marquette NW, Suite 900
        Albuquerque, New Mexico 87102
        (505) 248-5231

        Attorneys for Plaintiff