UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY                    Case No. 07-CV-0300 JAP/LFG
COMMISSION,

       Plaintiff,

v.

WAL-MART STORES, INC. and WAL-MART STORES
EAST, INC.,

       Defendants.


MEMORANDUM OPINION AND ORDER

On May 30, 2008 Defendants Wal Mart Stores, Inc. and Wal-Mart Stores East, Inc.,

("Wal-Mart")[1] filed their Defendants' Rule 12(b)(6) Amended Motion To Dismiss (Doc. No. 23)

(the "Motion").  Having reviewed the parties' briefs, the Court finds that the Defendants' Motion

should be granted as to the claims of Robin and John Bradford, but denied as to the claim of

employee Ramona Kay Bradford.

The Equal Employment Opportunity Commission (EEOC) brought this action on behalf

of Robin, John and Ramona Kay Bradford under Title VII of the Civil Rights Act of 1964 as

amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Title I of the Civil Rights Act of 1991, 42

U.S.C. § 1981. The EEOC alleges that Wal-Mart retaliated against Ramona Kay Bradford, a

Wal-Mart employee, and her adult children, Robin and John Bradford, by denying Robin and

John Bradford the opportunity to proceed in the hiring process and by refusing to hire them in

---

[1] In its Motion, Wal-Mart states that the proper identification of its operating entity is
Wal-Mart Stores East, L.P.

retaliation for Ramona Kay Bradford's protected activity.  Wal-Mart seeks dismissal of the claims the EEOC has asserted on behalf of Robin and John Bradford arguing that neither Robin Bradford nor John Bradford engaged in protected activity; and therefore, the EEOC has not asserted prima facie claims of retaliation under Title VII regarding their claims. Wal-Mart seeks dismissal of the claims the EEOC has asserted on behalf of Ramona Kay Bradford arguing that she failed to exhaust her administrative remedies with respect to the retaliation claim and that her claims fail as a matter of law because they are derivative of Robin and John Bradford's claims.

### Standard for Dismissal

Rule 12(b)(6) provides for dismissal of a plaintiff's claims for "failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).  In ruling on a motion for dismissal for failure to state a claim, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir.2007).  In determining whether to grant a motion to dismiss for failure to state a claim, the court must "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id*. at 1215 n. 2.

### Factual Allegations

In August 2004, Plaintiff Ramona Kay Bradford, a Wal-Mart associate employed at the Wal-Mart store #835 in Albuquerque, New Mexico, filed a Charge of Discrimination against Wal-Mart.

On or about October 4, 2004, Robin Bradford, Ramona Bradford's daughter, applied for available positions at Wal-Mart store #835 for which she qualified.  Having met the basic criteria

for the positions, Robin Bradford was given a first interview by an hourly supervisor on October 29, 2004. Robin Bradford's qualifications and schedule availability met or exceeded those of applicants who were hired by Wal-Mart around the time of Robin's application.  Although she received positive feedback from her first interview, Robin was not called back for a second interview with a manager.  Robin was not notified why she was not allowed to proceed in the hiring process.  However, at least five individuals who had less schedule availability and lower qualifications than Robin were hired.

On or about December 28, 2004, John Bradford, Ramona  Bradford's son, applied for available associate positions at Wal-Mart Store #835 for which he qualified.  Having met the basic criteria for the positions, he was interviewed on January 13, 2005. At the initial interview, John was informed that he would be recommended for a second interview. However, instead of being interviewed by a manager, John had his second interview with a "lead assistant" who was aware of Ramona Kay Bradford's previous charge of discrimination. The lead assistant informed John that Wal-Mart was under a hiring freeze; but, during the time that John's application was active, at least three other less qualified individuals were hired.

On May 10, 2005, Robin and John Bradford filed charges of discrimination with the EEOC alleging that Wal-Mart unlawfully retaliated against them in response their mother's charge of discrimination. The EEOC investigated the charges, found that reasonable cause supported Robin and John Bradford's claims of unlawful retaliation, and issued a Letter of Determination notifying Wal-Mart of the EEOC's findings of retaliation.  The EEOC's Letter of Determination also included a finding that Wal-Mart discriminated against Ramona Kay Bradford, their mother, as a "class member" asserting that Wal-Mart retaliated against Ramona

3

Kay Bradford in response to her 2004 charge of discrimination by not hiring her daughter and son.  Mot. ¶ C.

**Retaliation Claims**

The EEOC alleges that Wal-Mart violated Title VII when it failed to hire Robin and John Bradford in retaliation for their mother's Title VII charge of discrimination.  In addition, the EEOC alleges that Wal-Mart's failure to hire Robin and John Bradford adversely affected Ramona Kay Bradford's status as an employee by deterring her, and others like her, from opposing or participating in protected activity under Title VII. Moreover, the EEOC alleges that Wal-Mart's unlawful employment practices were intentional and were applied with malice or with reckless indifference to the federally protected rights of Robin, John and Ramona Kay Bradford.

The EEOC seeks to enjoin Wal-Mart from engaging in retaliation and to require Wal-Mart to institute policies that provide equal employment opportunities. The EEOC claims compensatory damages for back pay and for future pecuniary losses on behalf of Robin and John Bradford.  On behalf of Robin, John and Ramona Bradford, the EEOC requests an award of nonpecuniary damages, including emotional pain and suffering. The EEOC also seeks punitive damages on behalf of Robin, John and Ramona Kay Bradford for Wal-Mart's alleged malicious and reckless conduct.  With regard to the pre-condition to bring this suit, the EEOC asserts that it has exhausted administrative remedies as to the retaliation claim of "class member" Ramona Kay Bradford and as to Robin and John Bradford based on the May 2005 charges filed by Robin and John Bradford.  In summary, the EEOC asserts two types of retaliation claims: one on behalf of Robin and John Bradford for retaliation based on their mother's 2004 charge of

4

discrimination; and one on behalf of Ramona Kay Bradford consisting of failure to hire her

children in retaliation for her 2004 charge of discrimination.

**Title VII Retaliation Provision**

Title VII § 2000e-3(a) provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

42 U.S.C. § 2003e-3(a).

"To establish a prima facie case of retaliation, a plaintiff must demonstrate (1) that he

engaged in protected opposition to discrimination, (2) that a reasonable employee would have

found the challenged action materially adverse, and (3) that a causal connection existed between

the protected activity and the materially adverse action." *Argo v. Blue Cross Blue Shield of*

*Kansas, Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2007) (citing *Burlington N. & Santa Fe Ry. Co. v.*

*White,* 548 U.S. 53 (2006)). Protected opposition or protected activity includes "oppos[ing] any

practice made an unlawful employment practice by this title" or "assist[ing], or participat[ing] in

any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-

3(a).

**Discussion**

**Robin and John Bradford's Third Party Retaliation Claims**

The Court must decide whether Robin and John Bradford may sue for retaliation even

though they have not personally "engaged in protected opposition to discrimination" or "assisted

or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.*

5

In its Motion, Wal-Mart argues that Title VII allows only persons who engage in protected activity to make claims of retaliation; thus, the Court should dismiss John and Robin Bradford's claims for retaliation because they did not engage in protected activity before they were denied the opportunity to proceed with their employment applications. The EEOC argues that John and Robin Bradford should be allowed to recover for retaliation against them even though they did not directly engage in or participate in Ramona Kay Bradford's protected activity.  According to the EEOC, Title VII prohibits retaliation not only against the person who engaged in the protected activity, but also against "someone so closely related to or associated with the person exercising his or her statutory rights that it would discourage that person from pursuing those rights."  EEOC Compl. Man. Vol. 2, §§ 8(B), (C).  The EEOC contends that barring such claims would undermine the overall purpose of Title VII to eradicate employment discrimination and to encourage protected activity.

The Tenth Circuit has not addressed whether a person who suffers an adverse employment action in retaliation for a close relative's protected activity has a cause of action under Title VII, and the circuit courts that have dealt with this issue are split.  In *Thompson v. North American Stainless, LP,* 520 F.3d 644 (6th Cir. 2008) the Sixth Circuit reversed the summary dismissal of a retaliation claim by an employee, who was fired just three weeks after his fiancé, also an employee, filed a gender discrimination claim.  The Sixth Circuit justified allowing the third party claim under § 2000e-3(a) as necessary to carry out the overall policy of Title VII.

It is a well-established canon of statutory construction that a court should go beyond the literal language of a statute if reliance on that language would defeat the plain purpose of the statute[.] Further, "it is well settled that, in interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in

connection with it the whole statute . . . and the objects and policy of the law. . . ."

*Id.* (citations omitted).  The Sixth Circuit compared its approach to that of the Supreme Court in *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), in which the Supreme Court, determined that retaliation, described as a "materially adverse employment action," was not limited to actions affecting employment terms and conditions but included actions that ". . . might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (quoting *Burlington Northern*, 548 U.S. at 68). The Sixth Circuit applied the Supreme Court's reasoning to a third party retaliation claim,  and stated, "[t]here is no doubt that an employer's retaliation against a family member after an employee files an EEOC charge would, under *Burlington* dissuade 'reasonable workers' from such an action." *Id.* While recognizing that other courts had ruled to the contrary, the Sixth Circuit found tolerance of third party retaliation more troubling,

> Of greater concern to the court would be the result of a contrary ruling. That is, permitting employers to retaliate with impunity for opposition to unlawful practices, filing EEOC charges or otherwise participating in such efforts, as long as that retaliation is only directed at family members and friends, and not the individual conducting the protected activity.

*Id.*

In contrast, the Eighth Circuit in *Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 819 (8th Cir. 1998) reversed a jury verdict in favor of a male employee who was fired after a female employee with whom he was co-habitating filed an EEOC charge. The evidence showed that the employer did not know that the male employee assisted the female in filing her EEOC charge, but the employer knew that the couple lived together and were contemplating marriage.  The employer argued on appeal that since it did not know of the male's participation in the female's

protected activity, the male employee failed to prove causation.[2]  The male employee argued that he was not required to show that he engaged in the protected activity in order to establish his prima facie case. Instead, he asked the court to expand the protection given by Title VII's anti-retaliation provision to prohibit employers from taking adverse action against employees whose spouses or closely related persons have engaged in protected activity against the employer. The Eight Circuit concluded, however, that the plain text of Title VII § 2000e-3(a) does not allow retaliation claims to be asserted by an employee or applicant who has not to some extent personally engaged in or participated in protected activity. *Id.* at 819.  The *Smith* court reasoned that Title VII already offers broad protection to certain third parties "by prohibiting employers from retaliating against employees for 'assist[ing] or participat[ing] in any manner' in a proceeding under Title VII;" but that allowance of third party retaliation actions by persons not assisting or participating in protected activity is "neither supported by the plain language of Title VII nor necessary to protect third parties." *Id.*

Other circuits have denied third party retaliation claims under the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101 - 12213; and the Age Discrimination in Employment Act (ADEA) (29 U.S.C. §§ 621 - 634), which contain similar retaliation

---

[2] To present a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity. *Smith*, 151 F.3d at 818.

provisions.[3] *Fogleman v. Mercy Hospital, Inc.*, 283 F.3d 561, 567 (3d Cir. 2002); *Holt v. JTM Industries, Inc.*, 89 F.3d 1224, 1226 (5th Cir. 1996).

In *Fogleman v. Mercy Hospital, Inc.*, 283 F.3d 561 (3d Cir. 2002), the Third Circuit addressed the retaliation provisions of the ADA and the ADEA prohibiting discrimination against any individual because "such individual" engaged in protected activity. *Id.* at 564 (citing 42 U.S.C. § 12203(a); and 29 U.S.C. § 623(d)).  The plaintiff alleged that he was terminated in retaliation for his father's discrimination suit against their joint employer.  Even though the court

---

[3] Because the anti-retaliation provisions of the ADA and the ADEA are nearly identical to the anti-retaliation provision of Title VII, courts have held that precedent interpreting any one of there statutes is equally relevant to interpretation of the others.  *See Fogleman v. Mercy Hospital, Inc.*, 283 F.3d 561, 567 (3d Cir. 2002) (stating that precedent interpreting the ADA and the ADEA is equally relevant to interpretation of Title VII cases); *Holt v. JTM Industries, Inc.*, 89 F.3d 1224, 1226 (5th Cir. 1996) (stating that cases interpreting Title VII are frequently relied upon in interpreting the ADEA).

> The ADA states,
> (a) Retaliation
>> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

42 U.S.C. § 12203(a).

> The ADEA states,
>
> (d) Opposition to unlawful practices; participation in investigations, proceedings, or litigation
>> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, . . . because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d).

recognized that barring retaliation claims by closely related third parties contradicts "the overall purpose of the anti-retaliation provisions, which are intended to promote the reporting, investigation, and correction of discriminatory conduct in the workplace[,]" the court, out of respect for the separation of powers, followed the plain language of the statute and determined that an employee or applicant could bring a cause of action for retaliation only if that person participated in the protected activity. *See id.* at 569 ("The preference for plain meaning is based on the constitutional separation of powers – Congress makes the law and the judiciary interprets it.").

In *Holt v. JTM Industries, Inc*, 89 F.3d 1224 (5th Cir. 1996), the Fifth Circuit reversed a jury verdict on an ADEA retaliation claim in favor of a husband because he had not participated in his wife's charge of age discrimination. The Fifth Circuit court found that he had no standing to sue for retaliation. *Id.* at 1227. The court reasoned that despite the possible risk that an employer will discriminate against a complaining employee's relative in retaliation for protected activity, Congress is in better position to expand such protection than the courts:

> . . . the language that Congress has employed in § 623(d) will better protect employees against retaliation than we could by trying to define the types of relationships that should render automatic standing under § 623(d).

*Id.* at 1227.

The EEOC urges this Court to follow the courts allowing third party retaliation claims and also urges this Court to give significant deference to its own interpretation of Title VII found in the EEOC Compliance Manual. The EEOC Compliance Manual, which educates employers to further their compliance with Title VII, recognizes that Title VII prohibits "retaliation against someone so closely related to or associated with the person exercising his or her statutory rights

10

that it would discourage that person from pursuing those rights." EEOC Compl. Man. Vol. 2, §§
8(B), (C).  Although the EEOC's Compliance Manual is entitled to some deference because it is
an agency's interpretation of a federal statute it is charged with enforcing, it is not controlling
upon the courts, and is entitled to deference only to the extent that it has the "power to
persuade." *Christensen v. Harris County,* 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621
(2000). *See Villescas v. Abraham*, 311 F.3d 1253, 1261 (10th Cir. 2002) (stating that EEOC
manual is "not entitled to any special deference by our court."); *Singh v. Green Thumb
Landscaping, Inc.*, 390 F.Supp.2d 1129, 1138 (M.D. Fla. 2005) ("Because the plain and
unambiguous language of Title VII differs from this provision of the EEOC Compliance Manual
and because the Compliance Manual is not the product of adjudication or notice-and-comment
rulemaking, the Court finds that this provision of the Compliance Manual is not persuasive on
the issue of whether Plaintiff has a cause of action based solely on his close association with his
wife who engaged in protected activity.").

In light of the plain language of § 2000e-3(a), the Court is not persuaded by the EEOC's
interpretation.  Despite the danger that employers might retaliate against an employee's family
member and undermine the overall purpose of the anti-retaliation provision, this Court must
apply the plain statutory language unless it results in "an absurd outcome that contravenes the
clearly expressed intent of the legislature." *Fogleman,* 283 F.3d at 569.  The clear wording of the
provision limits causes of action to persons who engage in opposition or who participate in some
way, even if minimally, in the protected activity. *Id*. at 568 (". . . it is hard to imagine a clearer
way of specifying that the individual who was discriminated against must also be the individual
who engaged in protected activity.").   And, expanding the scope of persons by whom an action

can be brought beyond the clear language of the statute is not within the purview of the courts, but is the responsibility of Congress.  Therefore, the Court will dismiss the retaliation claims brought on behalf of Robin and John Bradford because they did not engage in protected activity before they were denied employment with Wal-Mart.[4]

### Ramona Kay Bradford's Claims of Retaliation: Adverse Employment Action Against An Employee's Relatives

### Exhaustion of Administrative Remedies Related to the Title VII Claims

In its Motion, Wal-Mart argues that the EEOC's claims of retaliation brought on behalf of Ramona Kay Bradford should be dismissed because she failed to exhaust administrative remedies. The EEOC alleges Ramona Kay Bradford, as a "class member,"[5] has exhausted administrative remedies through the May 2005 charges filed by Robin and John Bradford because her claims are directly related to their charges of retaliation. Am. Compl. ¶ 8B.

 Exhaustion of administrative remedies is a prerequisite to bringing suit under Title VII, *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir.1997).  The EEOC's standing to bring suit in federal court against an employer also requires administrative exhaustion.  *EEOC v. American Nat'l Bank*, 652 F.2d 1176, 1184-85 (4th Cir. 1981) cited in *EEOC v. Outback Steak House of Fla., Inc.*, 520 F.Supp.2d 1250, 1262 (10th Cir. 2007) (stating that the EEOC's

---

[4] However, if Robin and John Bradford were to experience retaliation in response to their own protected activity, such as their charges of discrimination filed in 2005, the Court would be faced with a different situation.  For example, if Robin or John Bradford had reapplied for employment after filing their charges in May 2005 and Wal-Mart had denied their applications, they may have valid retaliation claims  within the purview of § 2000e-3(a).

[5] The Court assumes that by referring to Ramona Kay Bradford as a "class member," the EEOC alleges that Ramona Kay Bradford, Robin Bradford and John Bradford are a class upon whose behalf claims of retaliation are asserted.

standing to bring a retaliation claim requires (1) a charge filed with the EEOC against the

employer; (2) notice of the charge to the employer; (3) investigation by the EEOC; (4) a

determination of reasonable cause; and (5) a good faith effort at conciliation)[6]  As with

individual claims, the requirement that the EEOC exhaust administrative remedies serves the

same dual purpose: providing adequate notice to a defendant-employer of the nature of the

charges against it and providing the opportunity to resolve all charges through conciliation.

*Outback Steak House*, 520 F.Supp.2d at 1263 (citing *Am. Nat'l Bank*, 652 F.2d at 1185).  This

purpose is fulfilled as follows:

> [T]he original charge is sufficient to support EEOC administrative action, as well as an
> EEOC civil suit, for any discrimination stated in the charge itself or discovered in the
> course of a reasonable investigation of that charge, provided such additional
> discrimination was included in the EEOC "reasonable cause" determination and was
> followed by compliance with the conciliation procedures of [Title VII].

*Id.* (citing, *EEOC v. Hearst Corp.*, 553 F.2d 579, 580 (9th Cir. 1977)).

The Amended Complaint outlines the relationship of Ramona Kay Bradford's claims to

the charges made by her children.  The children's 2005 charges assert that Wal-Mart retaliated

against them and their mother in response to their mother's protected activity. The EEOC's

investigation of the charges; therefore, would necessarily include an examination of Ramona

Kay Bradford's protected activity.  In the Letters of Determination, the EEOC clearly notified

Wal-Mart that it considered retaliation against closely related persons a violation of Title VII and

---

[6] Exhaustion of administrative remedies, however, is not a prerequisite to a cause of
action under Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981. *Carter v. Meridian
Automotive Systems, Inc.*, 368 F.Supp.2d 1130, 1138 (D.Kan.2004). *Cf. O'Neal v. Ferguson
Const. Co.*, 237 F.3d 1248, 1258 (10th Cir. 2001) (stating that retaliation claims may be brought
under 42 U.S.C. § 1981 and that such claims require the same prima facie elements as Title VII
retaliation actions).

that retaliation against a close relative of an individual who opposed discrimination can be challenged by both the individual who engaged in protected activity and the relative. The EEOC's Letters of Determination included a finding of discrimination as to Ramona Kay Bradford personally.  And, the EEOC engaged in conciliation efforts on behalf of all three plaintiffs. *See* Am. Compl. ¶¶ 7-8.

Wal-Mart provides no basis for its assertion that it had no notice of the EEOC's claim on behalf of Ramona Kay Bradford before the Complaint was filed in this action.  Neither does Wal-Mart provide a basis for arguing that the EEOC failed to attempt conciliation on behalf of Ramona Kay Bradford.  The charges filed by Robin and John Bradford and the EEOC Letters of Determination gave notice to Wal-Mart of Ramona Kay Bradford's claim of retaliation and thereby afforded the EEOC and Wal-Mart an opportunity to conciliate the claim. Thus, the purposes of the exhaustion requirement have been met with regard to Ramona Kay Bradford's claims. *See Wu v. Thomas*, 863 F.2d 1543, 1548 (11th Cir. 1989) (stating that purpose of the exhaustion requirement is settlement of grievances through the office of the EEOC and ruling that plaintiff-husband exhausted administrative remedies because his retaliation action could be piggy-backed on his wife's charge of retaliation). *Cf. EEOC v. St. Louis-San Francisco Ry. Co.*, 743 F.2d 739, 743-44 (10th Cir. 1984) (noting EEOC's broad investigative and enforcement authority to pursue remedies on behalf of all affected persons).  The Court finds that the EEOC did not fail to exhaust administrative remedies with respect to Ramona Kay Bradford's retaliation claim.

Wal-Mart further argues that since the children's retaliation claims fail as a matter of law, their mother's retaliation claim, which is derivative of the children's claims, should also fail.

Although Ramona Kay Bradford's retaliation claim is based on the failure to hire her children, her retaliation claim is legally distinct. The EEOC alleges that Ramona Kay Bradford was retaliated against because of her own protected activity.  The EEOC also alleges distinct injuries to Ramona Kay Bradford: that Wal-Mart's failure to hire the children "adversely affected her status as an employee . . . effectively deterring Mrs. Bradford, or others in her same or similar situation, from opposing and/or participating in protected proceedings under Title VII."  Am. Compl. ¶ 10. The children's claims fail because they did not engage in protected activity. Ramona Kay Bradford's claim cannot fail for the same reason because it is based on her own protected activity.  In short, her claim does not depend upon the legal viability of her children's claims.

Therefore, it is ordered that the Motion to Dismiss is granted as to the claims on behalf of Robin and John Bradford and those claims are hereby dismissed.  The Motion to Dismiss is denied as to the claim on behalf of Ramona Kay Bradford.

_____
SENIOR UNITED STATES DISTRICT JUDGE