IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,
vs.                                                                CIVIL NO. 07-300 JP/LFG

WAL-MART STORES EAST, INC.
and WAL-MART STORES, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING REQUEST
## FOR EXTENSION AND ADDITIONAL DISCOVERY

THIS MATTER came before the Court on the Equal Employment Opportunity Commission's ("EEOC") telephonic request to reopen discovery and require Wal-Mart Stores East, Inc. and Wal-Mart Stores, Inc. ("Wal-Mart") to produce another deponent who can best respond to questions concerning the suspension and ultimate termination of Ms. Romana Bradford ("Bradford").[1] The Court denies the request for the reasons set out below.

### Procedural Summary

Three years have passed since the EEOC filed this case in March 2007. The Court stayed discovery at the initial Rule 16 conference on August 16, 2007, to determine the issue of whether Ms. Bradford's "alleged protected activity is sufficient to support her children's retaliation claims, even though they personally never engaged in protected activity. . . ." [Doc. 7.]

---

[1] EEOC is prosecuting this claim on behalf of Ms. Bradford who was suspended and ultimately terminated.

After the Trial Judge considered and disposed of an initial round of motion practice, the referral Magistrate Judge lifted the discovery stay on July 18, 2008.[2] Discovery was to be completed by November 17, 2008. Since then, the Court granted four separate requests for extensions: the first Order [Doc. 49] extended the discovery deadline to January 30, 2009; the second Order [Doc. 62] extended the discovery deadline to March 16, 2009; the third Order [Doc. 65] extended discovery for certain depositions to April 3, 2009; and the fourth Order [Doc. 101] extended the discovery deadline for two remaining depositions to March 8, 2010.

This was case was originally assigned to a "standard" case management track with a 120-day discovery schedule. Yet, after the multiple extensions granted, the parties were afforded 362 days within which to complete discovery. This is almost two and one-half times the discovery generally authorized for standard case management track cases under the district's Expense and Delay Reduction Plan.

### Present Request for Extension

On December 8, 2009, the Court granted the fourth request to extend discovery, affording the parties an additional 90 days to conduct two depositions. [Doc. 101.] The Court's Amended Order provided in part:

> The Court will authorize EEOC to take two depositions, including a deposition of Wal-Mart's loss prevention director (or individual who can best respond to information concerning the alleged embezzlement), as well as [the] deposition of a supervisor who can best respond to questions concerning Ms. Bradford's suspension and termination.

---

[2] The trial court determined that EEOC failed to state a claim under Fed. R. Civ. P. 12(b)(6) in asserting claims on behalf of Bradford's children because they did not engage in protected opposition to discrimination nor did they assist in any investigation, proceeding, or hearing under Title VII. [Doc. 27.]

2

Upon entry of the Amended Order, EEOC communicated with Wal-Mart and sought to have Wal-Mart identify the individuals whose depositions should be taken pursuant to the Court's Amended Order.

Wal-Mart identified Matt Collins as Wal-Mart's loss prevention manager and the individual responsible for the investigation into the alleged violations of Wal-Mart's "void sales" policy and Ms. Bradford's related alleged misconduct. Collins conducted the investigation into the alleged cash shortages and also made the recommendation for the adverse job action.

Wal-Mart also identified Fran Perea, the human resources director as the best person to respond to questions concerning Bradford's suspension and termination. While Perea did not independently investigate the underlying charges, she acted on the recommendations conveyed to her from Wal-Mart's legal office and the loss prevention manager.

EEOC states that it was diligent in contacting Wal-Mart, asking Wal-Mart to identify the appropriate individuals to be deposed, and requesting dates to take the depositions. For various reasons, however, the two additional depositions were not taken until approximately one week before the 90-day extension expired.

During Perea's deposition, EEOC learned that Perea did not have full information about Bradford's suspension and termination. Perea testified she acted on recommendations made to her by others and had no firsthand knowledge regarding Bradford's removal from employment. EEOC argues that both Collins and Perea identified other individuals with more information concerning the decision to remove Bradford. EEOC now contends that Wal-Mart failed to produce the appropriate deponents and seeks additional time and more depositions of individuals better prepared to respond to EEOC's inquiries.

EEOC did not alert the Court earlier that Wal-Mart had not promptly identified deponents or that there were difficulties in setting deposition dates. Even after Perea's deposition was taken in late February, no one contacted the Court to raise this matter. No party even requested a telephonic conference until March 8, 2010, the last possible discovery date.

During the telephonic conference, Wal-Mart argued that it complied with the Court's December 8 Order and produced the correct deponents. Collins is the loss prevention manager who handled the investigation, made the decision to suspend Bradford, and recommended that she be terminated. Perea, Wal-Mart's Human Resources Manager, testified about the investigation and how Defendant normally conducts investigations. Wal-Mart argued it was not required to identify the actual decision-maker in its corporate hierarchy as this personnel matter went through multiple levels of review, including Wal-Mart's legal department, because of the ongoing litigation. Wal-Mart further explained that neither individual named by Collins or Perea in their depositions had additional first hand knowledge regarding Bradford's removal because Collins is the individual most familiar with the allegations of embezzlement and shortages in Ms. Bradford's till and the person most directly involved with the investigation and recommendations for her removal. Wal-Mart stated that Ms. Perea is the HR director who acted on the recommendations. In sum, Wal-Mart acknowledges that other individuals in its litigation hierarchy were involved in the review and recommendation, but that the HR director was best suited to talk about the suspension and termination.

## **Analysis**

In civil litigation, the Court typically establishes a case management plan intended to bring a case to completion within a target date as specified by the district's Civil Justice Expense and

Delay Reduction Plan.  The requirement for deadlines was imposed as part of the Court's case management responsibilities under the Civil Justice Reform of 1990, 28 U.S.C. §§ 471 *et seq.* ("CJRA"), which was enacted to expedite the ultimate disposition of litigation and to lessen the financial burdens caused by delay.  The CJRA's legislative history states in relevant part:

> The purpose of this legislation is to promote for all citizens--rich or poor, individual or corporation, plaintiff or defendant--the just, speedy, and inexpensive resolution of civil disputes in our Nation's Federal courts.

Pub. L. 101-650, S. Rep. No. 101-416, at 1 (1990), *reprinted in* 1990 U.S.C.C.A.N., 6804.

The CJRA sought to address and alleviate the dual problems of cost and delay in federal civil litigation.  Judicial case management was included in this legislation as an integral step in eliminating delay.  *See* Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165, 171-72 (1989) ("One of the most significant insights that skilled trial judges have gained in recent years is the wisdom and necessity for early judicial intervention in the management of litigation.").  *See also* Ashland Chemical Inc. v. Barco Inc., 123 F.3d 261, 266-68 (5th Cir. 1997) (discussing specific expense and delay reduction provisions of CJRA).[3]  Indeed, studies on court delay conducted by the Federal Judicial Center show that courts with the least amount of delay characteristically keep stricter control over cases by the precise scheduling of cutoff dates and other deadlines.  The federal study concludes, "[A] court can handle its case load rapidly only if it takes the initiative to require lawyers to complete their work in a timely fashion."  Steve Flanders, Case Management and Court Management in United States District Courts 17, Federal Judiciary Center (1977).

---

[3]During the telephonic conference, an incorrect citation to Ashland Chemical Inc. v. Barco Inc. was provided.  The correct cite appears in this Order.

In this case, the Court adopted a case management plan that afforded ample opportunity to complete all discovery. Further, the Court liberally granted multiple extensions. Additional discovery and extensions of the case management plan simply are not justified.[4]

In sum, the Court does not find good cause to grant the fifth request for an extension. Moreover, granting the request could result in additional requests to supplement pending motions for summary judgment, and might further affect the scheduling and disposition of this case. In the exercise of its case management discretion, the Court determines that EEOC's oral motion is not well-taken and therefore denies the request for extension.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge

---

[4] The Court recognizes that during the course of this litigation, one of EEOC's attorneys was diagnosed with a serious illness requiring extensive treatment. This illness and medical treatment were obviously not the fault of the attorney, and no criticism is directed at Ms. Molina for delays caused by her illness. However, the Court cannot understand why five other EEOC attorneys, who entered appearances in this case, did not step in during Ms. Molina's absences and proceed expeditiously with this matter.